#### IN THE UNITED STATES DISTRICT COURT FOR
#### SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| KENNETH B. DOUGLAS & BELINDA O. DOUGLAS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| BAYVIEW LOAN SERVICING, LLC, | )    Case No.  14-428 ) |
| Defendant. | ) |

## COMPLAINT

NOW COME Kenneth B. Douglas and Belinda O. Douglas and state their claims against the above-named Defendant as follows:

## PRELIMINARY STATEMENT

1. This is an action for statutory damages, actual damages, costs and attorney's fees Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA"). Plaintiffs bring this action to recover damages by reason of the Defendant's violation of RESPA. The violating actions addressed in this Complaint stem from the failure of Defendant to correct Plaintiffs' mortgage account as required by RESPA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims that arise under the laws of the United States.

3. The mortgage loan at issue is a "federally related mortgage loan" as defined at 12 U.S.C. § 2602(1).

1

**PARTIES**

7. Plaintiffs are natural persons and adult residents and citizens of Baldwin County, Alabama.

8. Defendant Bayview Loan Servicing, LLC (hereinafter referred to as "Bayview"), is a limited liability company, with its principal place of business in Florida. Bayview is a mortgage loan servicer and does business in the State of Alabama.

9. Bayview is a mortgage loan servicer as that term is defined at 15 U.S.C. § 2605(i)(2). As such, Bayview receives scheduled periodic payments from borrowers, such as the Plaintiffs, pursuant to the terms of their loan, including amounts for escrow payments and payments of principal and interest and any such other payments with respect to amounts received from the borrower as may be required by the terms of the loan.

**FACTUAL ALLEGATIONS**

10. On or about May 23, 2000, the Plaintiffs obtained a real estate mortgage loan on their home located at 407 Volanta Ave, Fairhope AL 36532.

11. In July 2012, the Plaintiff and Defendant entered into a loan modification with the defendant.

12. This agreement was executed by the Plaintiffs on July 12, 2012 and the Plaintiffs proceeded to abide by the terms and conditions of the agreement by making their monthly mortgage payment as required under the contract.

13. On or about March 31, 2014, almost 2 years after the agreement, the Plaintiffs received a notice from the Internal Revenue Service ("IRS") informing them that Bayview had reported a cancellation of debt in the amount of $6,951.00.

14. Because of the cancellation of debt reported by Bayview, the IRS readjusted the Plaintiffs 2012 tax liability, and is seeking $1,176.00 in back taxes and interest owed by the Plaintiffs. This amount was due by April 30, 2014.

15. The Plaintiffs, bewildered by the receipt of the IRS letter, caused a letter to be sent on their behalf to Bayview. In the letter, Plaintiffs sought information concerning the reasons why Bayview reported to the IRS that a debt owed by them had been cancelled. The letter also stated that when their mortgage was modified the principal balance was increased, not decreased as a result of the loan modification. A copy of the modification agreement and the IRS letter was provided to Bayview along with the letter.

16. The letter mentioned above constituted a "Qualified Written Request," ("QWR") pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e) and it was mailed to the address specified by Bayview for "Customer Support."

17. The Plaintiffs never received a response to the QWR from Bayview.

18. On information and belief, Bayview failed to conduct any reasonable investigation of the dispute outlined by the Plaintiffs in their QWR and refused to make corrections had a reasonable investigation been conducted.

19. Bayview failed to timely respond to the Qualified Written Request. Bayview also failed to provide the information and documents requested by the Plaintiffs.

20. Plaintiffs have suffered actual damages in that they have wrongfully been caused to incur a tax liability.

21. Upon information and belief, Bayview has engaged in a pattern and practice of refusing or failing to adequately respond to Qualified Written Requests submitted by borrowers with respect to the loans it services.

22. Moreover, Plaintiffs have suffered mental anguish and worry regarding the alleged tax debt.

23. Due to the failure of Bayview to respond and correct the problem with the IRS, the Plaintiffs have been damage and continue to suffer damages.

## COUNT I

24. Plaintiffs adopt and reallege all prior paragraphs of the complaint as if fully set forth herein.

25. One or more of the written communications between the Plaintiffs and Defendant constituted a Qualified Written Request as that term is used in 12 U.S.C. § 2605(e)(1)(b).

26. On or about April 28, 2014, Plaintiffs notified Bayview that an error had been made during the servicing of the mortgage and requested correction of their account. The letter clearly notified Defendant that the request was being made pursuant to RESPA, 12 U.S.C. 2605(e). A copy of the Plaintiffs' request, the original of which was mailed certified with return receipt requested, is attached hereto as Exhibit A.

27. Plaintiffs April 28, 2014 letter to Defendant is a "qualified written request" as defined by RESPA at 12 U.S.C. 2605(e)(1)(B).

28. After receipt of Plaintiffs' Qualified Written Request, Bayview failed to "make appropriate corrections in the account of" the Plaintiffs and is in violation of 12 U.S.C. § 2605(e)(2)(A) and (B).

29. Defendant failed to acknowledge receipt of the Qualified Written Request within 20 days as required by U.S.C. Section 2605(e)(1)(A) as amended. Defendant failed to provide the Plaintiffs with a response within 60 days as required under the statute, thus violating both 12 U.S.C. §2605(e)(1) (RESPA) with respect to the Plaintiffs mortgage.

30. On information and belief, despite notice and knowledge that the Plaintiffs were disputing its treatment of their account, Bayview reported derogatory information to credit bureaus in violation of 12 U.S.C. § 2605(e)(3).

**WHEREFORE**, Plaintiffs request that this Court enter judgment against Bayview for violation of RESPA and award Plaintiffs statutory damages, compensatory damages, attorney's fees and costs. Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

Respectfully Submitted,

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr. (UNDEE6591)
Attorney for Plaintiffs
Underwood & Riemer, P.C.
21 South Section Street
Fairhope, AL 365832
Telephone: 251-990-5558
Email: epunderwood@alalaw.com

**PLAINTIFFS DEMAND A TRIAL BY JURY IN THIS MATTER.**

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr. (UNDEE6591)

Defendant will be served by certified mail as follows:

| Registered Agent Name | C T CORPORATION SYSTEM |
|---|---|
| Registered Office Street Address | 2 NORTH JACKSON ST., SUITE 605 MONTGOMERY, AL 36104 |